FOLLETT & BRADLEY v. VALENTINE O. EASTMAN.

If the payee of a note, at the time of its execution, offer to receive payment at a place or in a manner different from the terms of the note, this offer is no part of the contract contained in the note, and, being upon no other consideration, is revocable at will at any time before it is performed. After it is performed, it ceases to be without consideration or revocable, and will operate to discharge the note.

But, in order to have this effect, it must be performed strictly within the meaning of the terms of the offer. Hence, if, in case of a note payable at the Bank of Burlington, the payee offer to receive payment by the defendant's inclosing to him by mail the amount due on the note, and do not re-

Follett et al. *v.* Eastman.

call his offer, and the money is mailed accordingly, it will be at the payee's risk, and the note will be discharged; but, if not mailed before the note arrives at maturity, it will be at the risk of the debtor.

ASSUMPSIT. The plaintiffs sued as indorsees of a promissory note, dated 5th February, 1841, executed by the defendant, and made payable to one L. C. Moore or order, at the Bank of Burlington, three months after date. Plea, the general issue, and trial by the court.

On trial the defendant offered to prove that, at the time said note was executed, the plaintiff, Bradley, came to the defendant's house in North Troy, Vermont, and that the parties then had a settlement of the account due from the defendant to the firm of Follett & Bradley; that the defendant objected to giving his note payable at the Bank of Burlington, but that Bradley told him that he need not come to Burlington to pay the note, but might mail the money at North Troy, and he, Bradley, would take up the note for him, and would destroy it, or send it back to him. That thereupon the defendant signed the note, and directed Bradley, when the note was paid, to tear his name from it and send it back by mail. And that, on the sixth day of May, 1841, which was the day after the note became due, the defendant deposited in the mail, at North Troy, properly directed to the plaintiffs, a letter containing the amount due on the note, in bank bills.

To the admission of this testimony the plaintiffs objected, and it was excluded by the court, and judgment was rendered for the plaintiffs for the amount due on the note. Exceptions by defendant.

*Shaw & Weston* for defendant.

1. The testimony offered by the defendant does not contradict nor vary the note declared upon, but tends to show an agreement between the parties, made contemporaneously with the note, at the instance of the plaintiffs, that the defendant might transmit the money by mail in payment of the note. The defendant has literally and in good faith fulfilled his contract, and to exclude the proof of it, and compel him to pay the money a second time, would be

permitting the plaintiffs to take advantage of their own wrong. *Bradley* v. *Bentley*, 8 Vt. 243. *Saunders* v. *Howe*, 1 D..Ch. 363.

2. In the absence of notice from the plaintiffs to the defendant not to send the money by mail, the mailing of the money, as offered to be proved, was, we insist, in law, an acceptance of it by the plaintiffs, and operated as payment of the note. 2 Stark. Ev., 6th Ed., 596. *Warwicke* v. *Noakes*, Peake's Cas. 67.

3. No time was fixed within which the money was to be mailed. It was to be done in a reasonable time, and whether a day before or a day after the note became due was a reasonable time is a question of fact, to be found from the testimony.

*D. A. Smalley* for plaintiffs.

1. The testimony offered tended to contradict the note itself, and was, therefore, inadmissible. *Bradley* v. *Anderson*, 5 Vt. 152. *Bradley* v. *Bentley*, 8 Vt. 243. *Reed* v. *Wood*, 9 Vt. 285. *Isaacs* v. *Elkins*, 11 Vt. 679. The place is a material part of the note, when incorporated into it. Bayl. on Bills, 18. *Rowe* v. *Young*, 6 Eng. C. L. 58. *Hart et al.* v. *Green*, 8 Vt. 191.

2. The testimony was irrelevant. There is no pretence that the money was ever received by the plaintiffs. Even if it was to be sent at the risk of the plaintiffs, it was to be sent in season to take up the note at maturity ; and, if not so sent, there was an end of that agreement, for it could not extend to an indefinite period.

The opinion of the court was delivered by

REDFIELD, J. Two questions are raised in the present case.

1. Whether the defence, attempted to be shown, was objectionable on the ground that it tended to vary the terms of the note; and if not,

2. Whether the money was mailed in season to come, on any reasonable construction, within the terms of the plaintiffs' offer in regard to the mode of receiving payment. In deciding the case we treat it the same as if the note had been made payable directly to the plaintiffs; for the whole transaction, taken together, shows it to have been put in the form it was for the purpose merely of getting another surety, in order to enable the plaintiffs to negotiate it at the

bank. This must have been the understanding of all the parties concerned.

In regard to the first question, we have not found any difficulty in allowing the defence. The offer of the plaintiffs to receive payment through the mail upon a note, which by its terms was payable at the Bank of Burlington, was a separate and distinct matter from the contract described in the note. It was a proposition resting upon no consideration, and revocable at will; but, after it had been performed, it would cease to be without consideration, or revocable, and would operate to discharge the note. But to have this effect it must have been performed according to its reasonable import, which brings us, secondly, to consider the meaning of the plaintiffs' offer, which must be understood with reference to the subject matter and the situation of the parties. We think it must have been expected that this note would be negotiated at the bank, and of course that the plaintiffs would need the money in time to take up the note at maturity. The defendant knew the course of the mails, and should have looked to it that he sent the money in season to meet the note at the time it became due at Burlington. If he had done that, it must have been at the risk of plaintiffs. But not having done that it was at his own risk, and, unless he showed its arrival and acceptance, it would not operate to defeat a recovery upon the note.

Judgment affirmed.